IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Gumersinda Core, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.  10 C 3711 |
| Allied Interstate, Inc., a Minnesota corporation, LVNV Funding, LLC, a Delaware limited liability company and Resurgent Capital Services, a Delaware limited partnership, | ) ) ) ) ) ) ) | |
| Defendants. | ) | Jury Demanded |

**COMPLAINT**

Plaintiff, Gumersinda Core, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendants' debt collection actions violated the FDCPA, and to recover damages for Defendants' violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) all Defendants reside and transact business here.

**PARTIES**

3. Plaintiff, Gumersinda Core ("Core"), is a citizen of the State of New York, from whom Defendants attempted to collect a delinquent consumer debt owed for a Washington Mutual credit card, despite the fact that she was represented by the legal

aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Defendant, Allied Interstate, Inc. ("Allied"), is a Minnesota corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. Allied operates a nationwide delinquent debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois.

5. Defendant Allied is licensed to conduct business in Illinois and maintains a registered agent here, see, record from the Illinois Secretary of State attached as Exhibit A. In fact, Defendant Allied conducts business in Illinois.

6. Moreover, Defendant Allied is licensed as a collection agency in Illinois, see, record from the Illinois Division of Professional Regulation attached as Exhibit B. In fact, Defendant Allied acts as a collection agency in Illinois.

7. Defendant LVNV Funding, LLC ("LVNV"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. In fact, LVNV was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

8. Defendant LVNV is a bad debt buyer, which specializes in buying portfolios of defaulted consumer debts for pennies on the dollar, the full amount of which debts it then attempts to collect. Defendant LVNV buys debts on a nationwide

basis and attempts to collect debts from consumers throughout the United States, including from thousands of consumers in Illinois.

9. Defendant LVNV is licensed to do business in the State of Illinois and maintains a registered agent within the State of Illinois, see, record from the Illinois Secretary of State attached as Exhibit C. In fact, LVNV does business in Illinois.

10. Moreover, Defendant LVNV is licensed as a collection agency in Illinois, see, record from the Illinois Division of Professional Regulation attached as Exhibit D. In fact, Defendant LVNV acts as a collection agency in Illinois.

11. Defendant Resurgent Capital Services ("Resurgent"), is a Delaware limited partnership that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. In fact, Resurgent was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

12. Defendant Resurgent is licensed to do business in the State of Illinois and maintains a registered agent within the State of Illinois, see, record from the Illinois Secretary of State attached as Exhibit E. In fact, Resurgent does business in Illinois.

13. Moreover, Defendant Resurgent is licensed as a collection agency in Illinois, see, record from the Illinois Division of Professional Regulation attached as Exhibit F. In fact, Defendant Resurgent acts as a collection agency in Illinois.

14. Defendants LVNV and Resurgent are related and/or sister corporations that share directors, officers, employees and computer systems. Defendant Resurgent is collection agency that helps its sister corporation, Defendant LVNV, collect the portfolios of bad debts that LVNV has purchased.

## FACTUAL ALLEGATIONS

15.     Ms. Core is a senior citizen, with limited assets and income, who fell behind on paying her bills, including her Washington Mutual credit card.  At some point in time, Defendant LVNV bought this debt after she defaulted on it and had another debt collector, Mercantile Adjustment Bureau, send her an initial collection letter, dated September 10, 2009.  A copy of this letter is attached as Exhibit G.

16.     Accordingly, Ms. Core turned LVNV's collection efforts, regarding the Washington Mutual debt, over to her legal aid attorneys at the Chicago Legal Clinic's LASPD program.  On October 27, 2009, one of Ms. Core's attorneys at LASPD informed Defendant LVNV, in writing, through its collection agency, that Ms. Core was represented by counsel, and directed LVNV to cease contacting her, and to cease all further collection activities because Ms. Core was forced, by her financial circumstances, to refuse to pay her unsecured debt.  Copies of this letter and fax confirmation are attached as Exhibit H.

17.     Nonetheless, Defendants Allied and LVNV sent Ms. Core a collection letter, dated January 7, 2010, demanding payment of the Washington Mutual credit card.  A copy of this letter is attached as Exhibit I.

18.     Accordingly, on February 16, 2010, one of Ms. Core's attorneys at LASPD informed Defendants Allied and LVNV, in writing, that Ms. Core was represented by counsel, and again demanded a cessation of communications and collection activities.  Copies of this letter and fax confirmation are attached as Exhibit J.

19. Nonetheless, Defendant LVNV and Resurgent then sent Ms. Core a collection letter, dated February 22, 2010, demanding payment of the Washington Mutual debt. A copy of this letter is attached as Exhibit K.

20. Accordingly, on March 13, 2010, one of Ms. Core's attorneys at LASPD had to once again demand that communication and collections stop. Copies of this letter and fax confirmation are attached as Exhibit L.

21. All of Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

22. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692c(c) Of The FDCPA -- Failure To Cease Communications And Cease Collections

23. Plaintiff adopts and realleges ¶¶ 1-22.

24. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

25. Here, the letters from Ms. Core's attorney at LASPD, told Defendants to cease communications and cease collections. By continuing to communicate regarding this debt and demanding payment, Defendants violated § 1692c(c) of the FDCPA.

26. Defendants' violations of § 1692c(c) of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA -- Communicating With A Consumer Represented By Counsel

27. Plaintiff adopts and realleges ¶¶ 1-22.

28. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

29. Defendants knew, or readily could have known, that Ms. Core was represented by counsel in connection with her debts because her attorneys at LASPD had informed Defendants and/or their agents, in writing, that she was represented by counsel, and had directed Defendants to cease directly communicating with Ms. Core. By directly sending Ms. Core further collection letters, despite being advised that she was represented by counsel, Defendants violated § 1692c(a)(2) of the FDCPA.

30. Defendants' violations of § 1692c(a)(2) of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

### PRAYER FOR RELIEF

Plaintiff, Gumersinda Core, prays that this Court:

1. Find that Defendants', Allied's, LVNV's and Resurgent's, debt collection actions violated the FDCPA;

6

  2. Enter judgment in favor of Plaintiff Core, and against Defendants, Allied, LVNV and Resurgent, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

  3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Gumersinda Core, demands trial by jury.

            Gumersinda Core,

            By: /s/ David J. Philipps
            One of Plaintiff's Attorneys

Dated: June 15, 2010

David J. Philipps (Ill. Bar No. 06196285)
Mary E. Philipps (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com